State v. Ward.

---

STATE v. WARD.

1. CRIMINAL LAW: *Former jeopardy. Discharge of jury.*
The consent of a defendant that the jury may separate during the recess of the court, is not a consent that one of them may absent himself and necessitate the discharge of the jury; and such discharge, without his consent, will not deprive him of the defense of former jeopardy against a subsequent prosecution for the same offense.

2. SAME: *Same.*
Under the statute a conviction or acquittal by a judgment or verdict will bar any other prosecution for the same offense, notwithstanding a defect in form or substance of the indictment; but by any proceeding short of conviction or acquittal, the defendant is not in jeopardy if the indictment is so defective that a conviction under it would be reversed for error.

State v. Ward.

8. **EMBEZZLEMENT:** *Indictment. Description of money.*
An indictment for the embezzlement of money must definitely describe the money embezzled. A general description by amount, as so many dollars of good and lawful money of the United States, is not sufficient.

APPEAL from *Cleveland* Circuit Court.
Hon. J. M. BRADLEY, Judge.

*Dan W. Jones*, Attorney-General, for appellant.

No question is raised upon this appeal as to the sufficiency of the indictment; but the only question before the court is, "Did the circuit court err in overruling the state's demurrer to the defendant's plea of former jeopardy, and in dismissing the indictment, and in discharging the appellee from further prosecution?" There can be no rule of law better established than that, "until an indicted person has pleaded, he is not in jeopardy, though a jury has been sworn to try him, or even though there has been an actual trial." *1 Bish. Crim. Law, sec. 1029 a, 6th Ed.,* and authorities cited.

In *Lacefield v. State, 34 Ark., 275, 282,* this court says (the record failing to show the entry of any plea to the indictment), that "it was certainly very irregularly to proceed to trial without a plea—there was no issue and nothing to try."

So, also, in *Perry v. State, 37 Ark., 54, 57,* the want of a plea to the indictment being shown by the record, the trial was held to be "without an issue." In *Whitmore v. State, 43 ib., 271, 274,* it is said that "this court has heretofore drawn the line where jeopardy begins at the swearing in of the jury to try the issue."

In the present case there being no plea, there was no issue and, of course, the defendant was never in jeopardy.

The demurrer of the state to the plea should have been sustained.

1. CRIMINAL LAW:

Former jeopardy: Discharge of jury.

COCKRILL, C. J. Ward was indicted for embezzlement. He demurred to the indictment. The demurrer was sustained to one count and overruled as to the others. A jury was impaneled and sworn, and at the close of the day, the trial not being concluded, they were allowed by the court upon consent of the parties to separate. On the second morning of the trial one of the jurors was absent on account of the sickness of a member of his family, and the court then, for the first time, discovering that the defendant had not been arraigned, and had not entered a plea to the indictment, upon the motion of the prosecuting attorney, discharged the jury. Ward then moved the court for his discharge upon the ground that he had been in jeopardy. The court granted his prayer and dismissed the indictment. The state has appealed.

It is the established rule that when a jury in a criminal case is impaneled and sworn in a court of competent jurisdiction to try the prisoner, under an indictment sufficient in form and substance to sustain a conviction, he is in jeopardy. He is then entitled to a verdict which will bar further prosecution for the same offense, and an unnecessary discharge of the jury without his consent does not deprive him of the right to the bar. *Whitmore v. State, 43 Ark., 271.*

The consent of the prisoner to the separation of the jury in the case under consideration, cannot be taken as a consent that a juror should absent himself and so necessitate the discharge of the others; and if there were nothing else to prevent the bar, he could not be again tried for the offense charged in the indictment. *Hillands v. Com. Sup. Court Penn., M. S. 1886.*

II. Arraignment and plea necessarily precede the swear- 2. SAME: ing of the jury, for the jury are sworn to try the issue made <sup></sup>Same. by the plea, and it was laid down under the old system that these steps were an essential part of the proceedings, and that without them there could be no valid trial or judgment. If the prisoner stood mute it was deemed that no trial could be had. If a plea could not be extorted from him, and it was ascertained that he was not dumb *ex visitatione Dei*, he was sentenced as on conviction. But as the legal system developed, methods of procedure yielded in importance to substantial rights, and the courts were authorized to enter a plea of not guilty for the prisoner who declined to plead, and to investigate the question of his guilt upon this enforced plea. The failure to enter the plea for him was still regarded as fatal to the legality of the proceedings, when, to further sink the importance of mere procedure when compared with rights, the legislatures of some of the states enacted that the trial and appellate courts should disregard every error or defect of procedure which did not affect substantial rights.

It has been accordingly held in some of these jurisdictions that the trial and judgment are not effected by the want of a plea where the prisoner has announced himself ready for trial, and has been accorded every advantage his plea could afford him. *State v. Hays, 67 Iowa, 27; State v. Cassady, 12 Kan., 550.*

But it is unnecessary to consider what effect, if any, under the provisions of our statutes, the absence of arraignment and plea may have had upon the trial in this case, for, upon looking at the indictment, it is discovered to be insufficient to sustain a judgment of conviction, and nothing that could have been done under it, short of an actual acquittal or conviction, could have conferred upon the accused immunity from further prosecution for the same

offense. The statute provides that an acquittal or conviction by a judgment or a verdict shall bar any other prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the trial took place. (*Mansfield's Digest, sec. 2176.*) But there was no verdict or judgment in this case, and short of these the rule is, that where the indictment is so defective that the defendant, if found guilty, will be entitled to have the judgment entered thereon against him reversed for error, he has not been in jeopardy. *1 Bish. Crim. Law, sec. 121; Whitmore v. State, sup.; Atkins v. State, 16 Ark., 568.*

3. EMBEZ-
ZLEMENT:
Indict-
ment: De-
scription of
money.

III. The indictment charged the embezzlement of money. The only description given of the money in the indictment is so many dollars of good and lawful money of the United States. In the absence of an excuse alleged in the indictment, for the want of a more full and definite description of the money embezzled, we must continue to hold the general description too indefinite and uncertain until the legislature sees fit to alter it. *State v. Thompson, 42 Ark., 517; Barton v. State, 29 ib., 68; Commonwealth v. Sawtells, 11 Cush. Mass., 142.*

As the judgment of the court in dismissing the indictment was right, it must be affirmed.