# Morgan *v.* The State.

*Indictment for Selling Vinous or Spirituous Liquors without License.*

1. *Variance between title and substance of act; such act unconstitutional.*—The act entitled "An act to regulate the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors," etc., in Calhoun county (Sess. Acts 1882-3, p. 278), and which authorizes prohibition on an affirmative vote of the people as ascertained by an election, is held unconstitutional, on the authority of *Miller v. Jones*, at the last term, on account of a variance between the title and the substance.

2. *What not a violation of general law against selling liquor without license.*—A person who acts as the agent or assisting friend of the purchaser in procuring liquor, not being interested in the sale, the liquor or the money paid for it, can not be convicted under the general law against selling liquors without license.

APPEAL from Calhoun Circuit Court.

Tried before the Hon. LEROY F. BOX.

In this case the State introduced testimony tending to show that, on one occasion, a witness for the State went into the town of Oxford, in Calhoun county, State of Alabama, and meeting up with the defendant in the street, asked him if he knew where witness could get some whiskey; that witness gave defendant some money, and defendant then went off, and, after an absence of some little time, returned with a quart of whiskey, which he delivered to witness, and that this occurred within twelve months before the finding

[Morgan v. The State.]

of the indictment. This was all the evidence, except that in reference to the record of the Probate Court of Calhoun county referred to in the opinion, and which it is unnecessary to here set forth.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The indictment, which charges the defendant with selling vinous or spirituous liquors without a license, is framed in accordance with the provisions of section 4806 of the Code, 1876. The solicitor having announced, after reading the indictment to the jury, that he was proceeding against the defendant for a violation of "An act to regulate the sale, giving away, or otherwise disposing of spirituous, vinous or malt liquors, or intoxicating bitters, or patent medicines having alcohol as a base, in Calhoun county," introduced in evidence against the objection of defendant, the record of the Probate Court, showing that an election was held in compliance with the requirements of the act, and resulted in favor of prohibition.—Acts 1882-3, p. 278. In *Miller v. Jones* (in MSS.), we considered an act, the name of the county being changed, substantially the same in respect to the title and the provisions of the enactment,—the one is a copy of the other. On the authority of that case, we hold the act in question to be unconstitutional. It is useless to repeat the reasons. The record was improperly admitted.

We would remand the case if there was any evidence tending to show that the defendant had violated the general law. But the only act of defendant appears from the evidence to have been done as the agent or assisting friend of the witness, the defendant not being interested in the liquor, the sale, or the money paid for it. This we have held insufficient.—*Campbell v. State*, 79 Ala. 271.

As the defendant can not be convicted, either under the special act or the general law, the judgment is reversed, and an order here made discharging the defendant.