82 51
136 108

# Bryant *v.* The State.

*Indictment for Selling or Giving Spirituous Liquor to Minor.*

1. *Selling liquor to minor; what constitutes offense.*—Under an indict-ment for selling or giving spirituous liquor to a minor (Code, § 4205),

a conviction can not be had against a person, who, not being interested in the sale of the liquor, purchased a pint for the minor, with money furnished for the purpose by the latter.

FROM the Circuirt Court of Lauderdale.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case charged, that the defendant "sold or gave spirituous liquor to Collier Angel, who was at the time a minor, without the consent of the parents, guardian, or other person having the lawful control of said minor, or without the requisition of a physician for medicinal purposes." On the trial, as appears from the bill of exceptions, the evidence showed that, about Christmas, 1885, at Woodland, in said county, where one Call kept a "liquor saloon," Collier Angel, a young man then about seventeen or eighteen years old, gave defendant twenty-five cents, and asked him to get him some whiskey, handing him also a pint bottle; that the defendant went into the saloon, bought the whiskey, returned immediately, and delivered it to Angel. On this evidence, as to which there was no conflict, the court charged the jury, " that a minor can not have an agent, and the defendant could not act as the agent of Angel in purchasing the whiskey; and that if they believed from the evidence, beyond a reasonable doubt, that the defendant delivered the whiskey to said Angel, and that said Angel was a minor at the time, and that the defendant knew he was a minor, and that said delivery of the whiskey took place in said county within twelve months before the finding of this indictment, then they must find the defendant guilty." The defendant excepted to this charge, and also to the refusal of several charges asked by him, each asserting, in substance, that on the facts stated he was not guilty.

SIMPSON & JONES, for the appellant, cited *Young v. State*, 58 Ala. 358; *Campbell v. State*, 79 Ala. 271,

THOS. N. MCCLELLAN, Attorney-General, for the State, cited *Bain v. State*, 61 Ala. 76; *Hill v. State*, 62 Ala. 168; Story on Agency, §§ 6, 195-7.

SOMERVILLE, J.—The evidence shows that the defendant neither made the sale of the liquor, nor was he interested in it; nor was he interested in the money paid for it. He only aided the witness Angel to make the purchase, and he can not as accessory be more guilty than the principal for whom he acted. The fact of Angel being a minor did not change the nature of the transaction. The law does not make the buying of spirituous liquors by a minor an offense;

it is only the selling or giving of such liquors to a minor, without the consent of the parent, guardian, or other person having the lawful control of the minor, or without the requisition of a physician for medicinal purposes. The case falls directly within the principle decided in the following cases : *Campbell v. State*, 79 Ala. 271; *Young v. The State*, 58 Ala. 358 ; *Morgan v. State*, 81 Ala. 72.

The court erred in its several rulings. Its judgment is reversed, and a judgment will be rendered in this court discharging the defendant.

Reversed and rendered.

