HARRY ANDERSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

### SELLING LIQUOR WITHOUT LICENSE—EVIDENCE.

1. On a trial of the charge of carrying on the business of selling liquors without a license, where the proof shows, only, that the defendant, at the request of another, took the latter's money and with it went off and procured for the latter some whiskey, without showing *where* or *from whom* the whiskey was obtained, and without showing that the defendant was the owner of, or in any way interested in, such whiskey before its delivery to the party for whom it was obtained, or that he was interested in any way in the money given him with which it was procured, such evidence is wholly insufficient to establish the charge.

2. The statute prohibits the *selling* of liquors without a license, but there is no law making the *purchase* of liquor either for one's self or for another a criminal offense.

Writ of Error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, upon an information filed by the State attorney, was tried and convicted at the Spring term, 1893, of the Circuit Court for Columbia county for engaging in the business of liquor selling without a license. Upon the refusal of his motion for a new trial he comes here on writ of error. The reliance here for a reversal is, that the evidence was not sufficient to sustain conviction. The only evidence for

the prosecution was the testimony of one James Smith, as follows: "I knew the defendant. During the month of February, 1893, I was working in the wood yard of J. A. Bethea, in Lake City, Columbia county, Florida. I asked the defendant if he knew where I could get some whiskey. He said, yes; that he could get me some. I gave him the money, 25 cents, and he went off somewhere and got the whiskey—one-half pint—and gave it to me. I do not know where he got the whiskey. This occurred more than once; I do not know whether twice or a dozen or twenty times. I asked him where I could get whiskey, because I knew him better than any of the other boys. I came here from Atlanta, Ga., in December, 1892. It is true that I told Mr. Eaton in Lake City to-day that I did not know anything about the defendant selling whiskey. I do not know whether he sold it or not. I only know that I gave him the money and told him I wanted some whiskey, and when he came back he brought it to me." The defendant admitted on the trial that he had no license to sell liquors. The burden was upon the State to prove every essential element of the offense charged beyond a reasonable doubt. The leading feature of the charge was the *sale of liquor by the defendant*, and it was necessary that this fact should have been proved by competent evidence beyond a reasonable doubt. The evidence establishes the fact that the defendant, as the friend or agent of the witness, took the latter's money and at his request went off and *procured* some whiskey for him. *Where*, or *who*, he got the liquor from is not shown, neither is it shown by any word of proof that the defendant was the owner of, or interested in the liquor furnished before its delivery by him to the witness, or that he was interested in any way in the money given him by the wit-

ness with which the liquor was procured. The proof here shows nothing more than that the defendant acted as the agent, *for purchase*, *of the buyer*, and we know of no law that prohibits the *purchase* of liquor either for one's self or for another. Campbell vs. State, 79 Ala., 271; Morgan vs. State, 81 Ala., 72, 1 South. Rep., 472; Bryant vs. State, 82 Ala., 51, 2 South. Rep., 670.

The evidence being wholly insufficient for conviction, the judgment and sentence of the court below are reversed.