## HARP *v.* STATE.

### Opinion delivered May 5, 1894.

59    113
f90    579

1. *Former acquittal—Verification of plea—Presumption on appeal.*
   Where a plea of former acquittal alleges that defendant was duly acquitted of the same offense by the verdict and judgment in a former trial, and recites that copies of the former indictment and of the verdict and judgment are attached to the plea, and the transcript on appeal contains copies of the indictment, verdict and judgment on the former trial, without showing how they are brought into the record, it will be presumed, notwithstanding a formal demurrer to the plea was interposed, that the plea was properly verified by the record.

2. *Jeopardy—Former invalid indictment.*
   Jeopardy will not attach on the bringing in of a verdict of acquittal or conviction on an invalid indictment; in such case there must be both a verdict and a judgment thereon.

3. *Perjury—Indictment must be specific.*
   An indictment for perjury, alleged to have been committed in testifying that a person named did not sell intoxicating liquors in the county within twelve months before a given date, when in truth and in fact such person did, in the county and within the twelve months, sell intoxicating liquors, is too general as to time and place.

4. *Perjury—Corrupt intent.*
   Although, as matter of law, in this State, a sale of liquor to an adult who buys it as agent for, and delivers it to, a minor is a sale to the minor,* one who, knowing that such a transaction took place at a given date, testifies that no sale to the minor was made at that time will be presumed to have testified merely as to his understanding of the transaction, in the absence of proof that his testimony was corruptly false, and a conviction of perjury will be set aside.

Appeal from Logan Circuit Court.

JEPHTHA H. EVANS, Judge.

---

*See *Foster* v. *State*, 45 Ark. 361.  (Rep.)

8

## STATEMENT BY THE COURT.

The appellant was indicted twice, at the January term of the Logan circuit court, for perjury. The assignment of perjury in the first indictment (omitting all formal parts) is that, on the trial of one Bill Harp for selling liquor, appellant testified "that the defendant had not, in the county of Logan, within one year next before the 11th day of August, 1893, sold liquor, etc.," to J. L. Womack, a minor, etc. In the second, the assignment is that the appellant, on the trial of one Bill Harp for selling liquor, testified that the defendant, Bill Harp, did not sell liquor to J. L. Womack, a minor, on the night of the 3d day of July, 1893, when the said Bill Harp, J. L. Womack and Bob Harp were in company at Spielerville.

The indictments charged the crime in apt words, but I have not set them out in full because of their length. A demurrer to the first indictment was overruled. The defendant (appellant) waived arraignment, and entered a plea of not guilty. A jury was duly "empaneled and sworn to try said cause," and the jury by consent returned the following verdict from the box: "We, the jury, find the defendant not guilty as charged. Frank Gorrell, foreman." Thereupon the following order was entered: "It is considered that the defendant be held in custody to await the action of the grand jury in said cause."

On the following day the grand jury returned the second indictment containing the assignment of perjury above set forth. To this indictment appellant filed his plea of former acquittal, as follows: "The defendant alleges that he was, on the —— day of January, 1894, duly acquitted, by the verdict of a jury and the judgment of the Logan circuit court, of the identical offense charged in the indictment now pending against him. Copies of said verdict, judgment and indictment are hereto attached as exhibits. He alleges that the offense

charged in the indictment upon which he was tried and acquitted, and the offense charged in the indictment now pending against him, are one and the same identical offense, and that the Bob Harp mentioned as defendant in the first indictment and this defendant, Bob Harp, is the same identical person, as he is ready to prove. He therefore asks to be discharged from further prosecution for said offense."

The State interposed a demurrer to the plea, which was sustained. Appellant was tried upon the second indictment, and convicted.

*Edwin Hiner* for appellant.

1. The plea of former acquittal was valid on its face, and was duly verified by the record. Mansf. Dig. secs. 2176, and form No. 184. A former conviction or acquittal is a bar to a subsequent indictment for any offense of which the defendant might have been convicted, under the indictment and testimony in the first case. 43 Ark. 68; 42 *id*. 35; Whart. Cr. Ev. 579; Russell, Crimes, (Am. ed.), 832; 105 Mass. 53. The allegations in the two indictments are, in substance, the same. 126 Mass. cited 30 Am. Rep. 674.

2. The record of the court, which is made an exhibit to the plea, is not a part of the plea. 37 Ark. 542; 34 *id*. 534; 33 *id*. 593; 33 *id*. 543. The exhibit should not have been considered on demurrer. The plea was sufficient. 3 Gr. Ev. sec. 36.

3. The verdict is not sustained by the evidence.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1. The plea does not verify the alleged acquittal by the record. It contains an offer to verify, and recites that copies are attached as exhibits. But the transcript shows that there was in fact no verification. 54 Ark. 227; 45 *id*. 97; 32 *id*. 722; 16 *id*. 568.

2.   The plea is defective in substance, treating it as verified.   There was no acquittal by a *judgment on a verdict*.   In fact, in this case jeopardy never attached. The first indictment was insufficient.   48 Ark. 39 ; 11 Am. & Eng. Enc. Law, 930.   The assignment of perjury is too general, vague and indefinite.   2 Bish. Cr. Pro. sec. 918 ; 59 Barb. 531 ; 62 Md. 354 ; 1 Morris (Iowa), 341 ; 1 Pick. 497 ; 13 Tex. App. 428 ; 2 Maule & Sel. 358 ; 1 Foster & Fin. 518 ; 1 Carr. & Payne, 608.

WOOD, J., (after stating the facts).

1.   The first assignment of error is "the overruling defendant's plea of former acquittal."   The State contends that the plea was not verified by the record. What is meant by "verification?"   "An averment by the party making a pleading that he is prepared to establish the truth of the facts which he has pleaded." "In pleading: literally, a making out to be true; an assertion of the ability of the pleader to prove the matter alleged in his plea."   Bouvier's and Burrill's Law Dictionaries.   The old formula was :   "And this the said plaintiff (or defendant) is ready to verify."   Stephen's Pl. 434.   So to verify by the record is to prove by the record.   Arch. Cr. Pr. and Pl. 113.   The language of the plea itself on this point is :   "Copies of said verdict, judgment and indictment are hereto attached as exhibits."   The clerk has brought into this record the first indictment, the verdict, and the final order of the court thereon.   By what authority, unless they were introduced and considered as part of defendant's plea?   They are not marked as exhibits to the plea, nor designated as a part of said plea.   But it was the duty of the clerk to copy them as they were.   The presumption is that he has brought them into the transcript just as they were offered, whether as attached to the plea or produced for the inspection of the court.   If the

defendant had not designated them as exhibits, the clerk could not do so. At any rate, they are a part of this record, which is proof convincing that they were considered by the court in some form in passing upon the demurrer; otherwise, the clerk was guilty of officiousness or inadvertence. We will not go beyond the record to accuse him of either, but will consider the case as it appears to have been considered by the court below. In *State* v. *Clark*, 32 Ark. 237, Chief Justice English said: "The plea of former jeopardy, in this case, was not in good form. It failed to set out the facts appearing of record, but it seems the parties agreed to try it as a formal plea, and we have treated the case as if the plea had set out all the facts, and been demurred to in the court below, though no formal demurrer was interposed." So here we may say, though a formal demurrer has been interposed, the parties treated it as passed upon by the court in connection with the record upon the first indictment. Mansfield's Digest, sec. 2179, provides: "Neither a joinder in demurrer nor reply to the plea of former acquittal or conviction shall be necessary; but the demurrer shall be heard and decided, and the plea shall be considered as controverted by denial, and by any matter of avoidance that may be shown in evidence." The clerk certifies "that the foregoing twenty-three pages contain a true and perfect transcript of the record and proceedings in the circuit court of said county on indictment, Nos. 15 and 36, in the cause therein set forth." No. 36 is the present case, and the proceedings in No. 15, which was the first indictment, were therefore considered in this cause. The clerk was authorized to make a transcript in no other.

The best authors upon criminal procedure say "that *autrefois acquit* and *convict* are among the favored pleas, admitting of a lower degree of certainty, than the indictment, and a still lower than a dilatory plea. Bishop,

Cr. Pr. sec. 808; Bishop, Directions & Forms, sec. 1042, Arch. Cr. Pr. & Pl. 111; Co. Lit. 303*a*. This certainly accords with the doctrine upon the subject as declared by the American courts, which is but an emanation of the spirit of the constitution itself that secures the inalienable right. Const. U. S. Amendment V; *Com.* v. *Roby*, 12 Pick. 502; *People* v. *Goodwin*, 18 Johns. 201; *United States* v. *Gibert*, 2 Sumner, 42. The majority of the court think the facts presented by this record indicate a sufficient verification.

2. No jeopardy under former invalid indictment.

2. Treating the plea, therefore, as verified, was it sufficient in substance? Mansfield's Digest, sec. 2176, provides: "An acquittal by a judgment on a verdict or a conviction shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the acquittal or conviction took place." Judge Cockrill, in *State* v. *Ward*, 48 Ark. 36, correctly laid down the rule that jeopardy begins when a jury in a criminal case is impaneled and sworn in a court of competent jurisdiction to try the prisoner under an indictment sufficient, in form and substance, to sustain a conviction. Before verdict and judgment thereon, the indictment must be sufficient in form and substance. But, under our statute, jeopardy attaches after verdict and judgment thereon, whether the indictment is sufficient in form or substance or not. 1 Bish. Cr. Law, sec. 1023.

Will jeopardy attach on the bringing in a verdict of acquittal or conviction, and before judgment is entered? We think not. Mr. Bishop says: "In reason, and not contrary to the authorities, if, on the verdict coming in, the prosecuting officer discovers a defect in the indictment, he may, instead of moving for sentence, enter a *nolle pros.*, and indict anew." "Indeed, plainly, since there can be no jeopardy on an invalid indictment, any discontinuance of it, while there is no subsisting judg-

ment, is no bar to a subsequent prosecution for the same offense." 1 Bish. Cr. Law, 1023, *supra.* In order for jeopardy to begin on an insufficient indictment, there must be both a verdict and a judgment. *Ward* v. *State, supra.*

It follows, if the first indictment upon which appellant was tried was insufficient, the demurrer to the plea was properly sustained.

An inspection of the indictment discloses that it does not come up to the requirements of an assignment for perjury announced by Judge Mansfield in *Thomas* v. *State,* 54 Ark. 584. It "must specifically, directly and without uncertainty of meaning designate the particulars wherein the matter sworn to was false." Charging that the defendant testified (using proper words to characterize the perjury) "that Bill Harp did not, in Logan county, within twelve months before 11th day of August, 1893, sell," etc., "when, in truth and in fact, Bill Harp had, in Logan county and within twelve months, sold liquor," etc., was too general, both as to time and place, to put the defendant upon notice of what he was expected to defend against. His attention should have been directed to the particulars wherein the falsity of the oath consisted—time, place, occasion; something more definite than the cycle of an entire year and the locus of a whole county. All the authorities, so far as we know, insist upon a more definite statement in a charge for perjury than is contained in the first indictment. The majority are of the opinion that the court was therefore correct in sustaining the demurrer to defendant's plea. 2 Bishop, Cr. Pro. sec. 918; *Burns* v. *People,* 59 Barb. 531, and other authorities cited in the brief of the attorney general.

3. Indictment for perjury should be specific.

The indictment upon which the present conviction was had is good, and the only remaining question is: does the evidence support the verdict of the jury?

4. Corrupt
intent neces-
sary in per-
jury.

It appears that appellant, in company with his brother, Bill Harp (who was of age), and two other boys (minors), went to the saloon at Spielerville, Logan county, kept by one Pennington, on the night of July 3, 1893, to buy liquor. Pennington says he refused to sell liquor to Bob Harp, Womack and Brock, because he thought they were minors, but that Bill Harp was of age when he sold and delivered to him several pints. He says Bob Harp, the appellant, was in the room at the time, but he did not know whether Bob saw him sell Bill or not. Womack, one of the minors, who was present, testified that the saloon keeper would not sell any liquor to him, Brock or Bob Harp; but that Bill Harp bought all the whiskey. They gave him their money, and he delivered to each of them his whiskey. He says, Bob (the appellant) was present at the time, but that he was not paying attention to him. The appellant, for himself, testified that the parties above named went to Spielerville on the occasion mentioned to buy liquor, and that they all bought their own liquor. He says that Bill Harp did not buy any liquor for him, Bob, or the other boys that he knew of; that, on the trial of Bill Harp for selling liquor to Womack, he did not swear "that Bill Harp did not sell or give away any liquor to J. L. Womack at Spielerville on July 3, 1893, or anywhere in Logan county, within one year next before August 11, 1893. But he swore, if Bill Harp did sell it, he, Bob, did not know it." It was upon the transaction as above detailed that Bill Harp was indicted for selling liquor to the minor Womack, and, upon his trial for same, the perjury in this case is alleged to have been committed. Witnesses who heard the appellant testify on that trial (members of the jury) say that appellant testified on that trial, and his testimony, as they relate it, concerning the whiskey transaction, corresponds sub-

stantially with his testimony as above set out on his own trial.

To constitute perjury, the matter sworn to must not only be false, but the accused must have sworn to it, knowing that it was false; in other words, it must have been wilful and corrupt. The appellant was a boy seventeen years of age. He was testifying as to his understanding of facts, not as to conclusions of law. As a matter of fact, strictly speaking, Bill Harp, under the circumstances above shown, was a purchaser, not a seller. True, our own court has decided that he would be a seller. But such determination is only the legal effect of the facts shown. We adhere to this decision as the proper construction of the liquor law, to prevent evasion and practical nullification of that statute as to minors. Still it is a question about which there has been considerable discussion and judicial interpretation; the majority of the courts, perhaps, taking the opposite view to ours, holding that one who obtains liquor in this way for another is not a seller. Black on Int. Liq. sec. 422; *Cox* v. *State* (Miss.), 3 So. Rep. 373; *Johnson* v. *State*, 63 Miss. 230; *Young* v. *State*, 58 Ala. 358; *Bryant* v. *State*, 82 Ala. 51. See also *Campbell* v. *State*, 79 Ala. 271; *Morgan* v. *State*, 81 Ala. 72. Certainly the maxim *"Ignorantia legis neminem excusat"* should not be applied in its rigor to turn the scale against the defendant, when courts themselves are differing as to what the law is, and especially since it has required the decision of the highest court of the State to determine, as a matter of legal construction, that Bob Harp was not correct in his testimony, even if Bill Harp procured the whiskey for the minors in the manner detailed by witness Womack. In passing upon the motives of the defendant, the jury should have given him the benefit of the reasonable doubt upon that point, which it is manifest they did not do.

We are of the opinion that the testimony did not justify a finding of wilful and corrupt perjury, as charged in the last indictment. The judgment of the Logan circuit court is therefore reversed, and remanded for a new trial.