## JACKSON *v.* STATE.

Opinion delivered May 31, 1909.

PERJURY—AFFIDAVIT FOR APPEAL.—A charge of perjury cannot be assigned upon an affidavit made for appeal from a judgment of a justice of the peace, to the effect that the appeal is not taken for the purpose of delay but that justice may be done the applicant; his bad faith not being susceptible of that degree of proof requisite to constitute perjury.

Appeal from Greene Circuit Court; *Frank Smith*, Judge; reversed.

*W. W. Bandy*, for appellant.

The indictment is not clear and explicit enough to put defendant on notice. Nor does it allege that the affidavit on oath was such as the law authorizes. Kirby's Dig. § § 4666, 1968; 54 Ark. 586; 24 *Id.* 595. It does not state that the affidavit was in writing. 2 Bish. Cr. Pr. § 912; 3 Wheeler, Cr. Cas. 180; 2 Wharton, Prec. 590-1. Nor does it allege that the affidavit for appeal was filed within thirty days.

2. Descriptive matter in an indictment must be proved. 1 Bish. Cr. Prac. § 488.

3. To constitute perjury, the matter must be false and sworn to knowing it to be false, *i. e.,* wilfully and corruptly. 59 Ark. 121; 32 *Id.* 192.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellee.

1. An affidavit is simply an *ex parte* statement reduced to writing and sworn to. 1 Words & Phr. p. 192.

2. The verdict is amply sustained by the evidence. None of the other assignments of error are sustained by the record; no objections being made nor exceptions saved. 73 Ark. 407; 72 *Id.* 371.

HART, J. The appellant, George M. Jackson was indicted by the grand jury of the circuit court for the Eastern District of Clay County for the crime of perjury. He obtained a change of venue to Greene County. In the circuit court of that county he was convicted, and his punishment fixed at one year in the State penitentiary. He has duly prosecuted an appeal to this court.

Perjury in this case is assigned upon an affidavit for appeal, made by appellant, from a judgment rendered against him by a justice of the peace. It is admitted that the affidavit was made in the form provided by subdivision one of section 4666 of Kirby's Digest.

Sec. 42, art. 7, of our Constitution provides that "appeals may be taken from the final judgments of the justices of the peace to the circuit courts under such regulations as are now, or may be, provided by law."

Hence the appeal is not a matter in the discretion of the court, but is a matter of right, when the statutory regulation is complied with.

Sec. 4666 above referred to provides that "the applicant, or some person for him, shall make and file with the justice an affidavit that the appeal is not taken for the purpose of delay, but that justice may be done him." Thus it will be seen that the oath to be taken is promissory, that is, it contains a promise, and is in the nature of a declaration of good faith on his part. This construction is manifest from the language of the statute that the affidavit for appeal may be made by "the applicant or some person for him." Where the affidavit is made by some person for the applicant, it could be at most only the opinion of that person that the appeal was taken in good faith.

"To constitute perjury, the matter sworn to must not only be false, but the accused must have sworn to it, knowing that it was false, in other words, it must have been wilful and corrupt." *Harp* v. *State,* 59 Ark. 113.

Hence we do not think the good faith or state of mind of the "applicant or other person" is susceptible of that degree of proof requisite to constitute perjury. We are of the opinion, therefore, that perjury cannot be assigned upon the making of such affidavit.

Mr. Justice BATTLE dissents. He is of the opinion that the judgment should be reversed and the cause be remanded for a new trial because the indictment did not set out the affidavit on which the perjury was assigned, and because it does not allege that the affidavit was made within thirty days, the time allowed by the statute for taking appeels from the judgment of justices of the peace.

For the reason that a majority of the judges are of the opinion that perjury can not be assigned upon an affidavit made for appeal from a judgment of a justice of the peace, it is, by the court, ordered that the judgment be reversed and the cause dismissed.