JOHN REED v. STATE.

No. 109.   Opinion Filed September 25, 1909.

(103 Pac. 1070.)

1.   INTOXICATING LIQUORS—Wrongful Sale—Issues and Proof. Under an information charging a sale of intoxicating liquors, a conviction cannot be had where the evidence shows that the defendant had no interest in the liquor sold nor in the money paid for it, but acted only as the agent or friend of the purchaser in procuring the liquor.

2   INSTRUCTIONS—Applicability to Evidence. The instructions should cover the whole case. The defendant is entitled to an instruction defining the law as applicable to his defense, if there is any competent evidence reasonably tending to substantiate that defense.

(Syllabus by the Court.)

*Appeal from Grady County Court, Sitting at Chickasha; N. M. Williams, Judge.*

John Reed was convicted of illegally selling intoxicating liquors, and he appeals. Reversed and remanded.

*F. E. Riddle,* for appellant, cited 23 Cyc. 179, 182, and cases therein cited.

*Fred S. Caldwell,* counsel to the Governor, for the State.

OWEN, JUDGE. The plaintiff in error (hereinafter referred to as the defendant) in his petition assigns six errors. The brief filed by counsel for defendant urges only the first and fourth assignments, which go to the instructions given by the court and the refusal of the court to give instructions requested on the part of the defendant. The charging part of the information on which this defendant was tried is as follows:

"* * * At and within said county and state on the 31st day of December, 1907, John Reed then and there being, did then and there, wilfully and unlawfully sell intoxicating liquors, to wit, whisky, to S. H. Owens, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

The proof on the part of the state was to the effect: S. H. Owens stated to a negro woman that he wanted some whisky. She said she could get the defendant, who was in an adjoining room, to get it for him. That she called the defendant in, and the defendant said: "All right, but I will have to first go and get it. You give me a dollar, and I can get it." Thereupon the witness Owens gave the defendant a dollar. The defendant went away and came back with two half pints of whisky, and delivered one-half pint to the witness Owens, and took a drink himself out of the other bottle, and that Owens then did not want the bottle and let the defendant keep it. The testimony on the part of the defendant, after corroborating the witness Owens in all things, was that he bought the whisky from a white man by the name of Fuller, and that he had no interest in the whisky and received no part of the money.

The court instructed the jury as follows:

"This is an information charging that John Reed did on the 31st day of December, 1907, sell intoxicating liquors, to wit, whisky, to S. H. Owens. If you find from the evidence that John Reed did on that date and day last above mentioned, in the county

of Grady and State of Oklahoma, sell to S. H. Owens whisky as charged in this information, you will so say by your verdict, and find the defendant guilty. The defendant is presumed to be innocent until his guilt has been established by competent evidence to your satisfaction, and, if you have a reasonable doubt as to his guilt, you will acquit the defendant. You are the sole judges of the credibility of the witnesses and the weight to be attached to their testimony. Five of you can render a verdict by signing the same. If the verdict be unanimous, it can be rendered by your foreman signing it."

This was all the instructions given by the court as disclosed by the record. The defendant requested the following instruction:

"The court charges the jury that if you believe from the evidence that the defendant Reed acted as agent and took the money of one of the witnesses for the state, and purchased the whisky from a third party, and that he did not sell the same to the said witness himself, but only went at the request of the witness, and purchased the whisky from a third party, and that the defendant had no connection with the sale of same other than to purchase it for the witness, as above stated, then in that event he would not be guilty under the law, and you shall so find."

The court refused to give this instruction, to which refusal the defendant, in proper form, excepted. It was error for the court to refuse the request of the defendant to give this instruction. The instruction given by the court was proper so far as it went. It only covered the testimony on the part of the state. The instructions should cover the whole case. The defendant is entitled to an instruction defining the law as applicable to his theory of the case covering his defense, if there is any competent evidence reasonably tending to substantiate that theory. An instruction which the jury might understand as taking from their consideration one element of the defendant's defense is erroneous. Pattison's Instruction in Crim. Causes, § 14; Thompson on Trials, § 2328; *Chappell v. Allen,* 38 Mo. 213; *Raysdon v. Trumbo,* 52 Mo. 35; *Grube v. Nichols,* 36 Ill. 93.

If the defendant's testimony was true, he was not guilty of selling intoxicating liquor, and could not be convicted on the information in this case. He was charged with selling, not with

furnishing or conveying, liquors. A sale is defined by the authorities to be "an agreement by which a title passes from one, and vests in another." "A transfer of property from seller to buyer for a price in money paid or promised." Anderson's Law Dictionary; *Butler v. Thompson,* 92 U. S. 415, 23 L. Ed. 684; Benj. Sales, § 1. To take the money from Owens and buy the liquor from Fuller—if he was not interested in the liquor and received no part of the money—would not make defendant guilty of selling. *Whitmore v. State,* 72 Ark. 14, 77 S. W. 598; *Bonds v. State,* 130 Ala. 117, 30 South. 427; *Maxwell v. State,* 140 Ala. 131, 37 South. 266; *Williams v. State,* 107 Ga. 693, 33 S. E. 641; *State v. John Cairns,* 64 Kan. 782, 68 Pac. 621, 58 L. R. A. 55; and *Anderson v. State,* 32 Fla. 242, 13 South. 435.

In the case of *Anderson v. State,* the court said:

"The only evidence for the prosecution was the testimony of one James Smith, as follows: 'I knew the defendant. During the month of February, 1893, I was working in the woodyard of J. A. Bethea, in Lake City, Columbia county, Fla. I asked the defendant if he knew where I could get some whisky. He said, "Yes"; that he could get me some. I gave him the money, 25 cents, and he went off somewhere and got the whisky—one-half pint—and gave it to me. I do not know where he got the whisky. This occurred more than once. I do not know whether twice or a dozen or 20 times. I asked him where I could get whisky ·because I knew him better than any of the other boys. I came here from Atlanta, Ga., in December, 1892. It is true that I told Mr. Eaton in Lake City to-day that I did not know anything about the defendant selling whisky. I do not know whether he sold it or not. I only know that I gave him the money and told him I wanted some whisky, and when he came back he brought it to me.' The defendant admitted on the trial that he had no license to sell liquors. The burden was upon the state to prove every essential element of the offense charged beyond a reasonable doubt. The leading feature of the charge was the sale of liquor by the defendant, and it was necessary that this fact should have been proved by competent evidence beyond a reasonable doubt. The evidence establishes the fact that the defendant as the friend or agent of the witness took the latter's money and at his request went off, and procured some whisky for him. Where or who he got the liquor from is not shown, neither is it shown by any word of proof

that the defendant was the owner of or interested in the liquor furnished before its delivery by him to the witness, or that he. was interested in any way in the money given him by the witness with which the liquor was procured. The proof here shows nothing more than that the defendant acted, as the agent for purchase of the buyer, and we know of no law that prohibits the purchase of liquor either for one's self or for another. *Campbell v. State,* 79 Ala. 271; *Morgan v. State,* 81 Ala. 72, 1 South. 472; *Bryant v. State,* 82 Ala. 51, 2 South. 670. The evidence being wholly insufficient for conviction, the judgment and sentence of the court below are reversed."

Whether the defendant's testimony was true, whether he sold the whisky to, or bought it for, the witness Owens, was a question of fact to be submitted to the jury under proper instructions.

For the refusal of the court to give the instruction requested by defendant, the cause is remanded with instructions to grant a new trial.

FURMAN, PRESIDNG JUDGE, and DOYLE, JUDGE, concur.