THE STATE OF IOWA v. FINAN.

10    19
90   536

1. INTOXICATING LIQUORS: GIVING : ALLEGATIONS.  An information under section six, chapter forty-five, laws of 1855, for "giving away" intoxicating liquors, should aver that they were given in consideration of the purchase of property.
2. SAME.  An information averring that the liquors were both "sold and given" is sufficient.
3. DEFENSE.  An allegation that the defendant sold and gave away intoxicating liquors belonging to another, as a clerk or agent of the owner, or as a volunteer, without reward, does not constitute a good defense to an information for selling and giving away intoxicating liquors in violation of the provisions of chapter 45, laws of 1855.

4. INSTRUCTIONS. Where the information charged the defendant with selling intoxicating liquors to one "Helton and other persons whose names are now unknown," and the court charged the jury that "if defendant sold liquors to *any one* within the time laid in the information, he was guilty as charged;" *Held*, though the instruction was not proper, it worked no prejudice to the defendant.

5. DEFENSE. It is no defense for a clerk or agent charged with the sale of intoxicating liquors, that his employer is guilty of the same offense and has been convicted and punished.

*Appeal from Polk District Court.*

SATURDAY, NOVEMBER 5.

INFORMATION before a justice of the peace charging the defendant with selling and giving away intoxicating liquors, in violation of law. The defendant was found guilty, and appealed.

*Jeff. S. Polk* for the appellant.

*S. A. Rice*, Attorney General, for the State.

STOCKTON, J.—The defendant was convicted on an information charging him with selling and giving away intoxicating liquors, contrary to the statute.

On the trial exception was taken to the charge of the court to the jury, to the refusal of the court to admit certain evidence offered by defendant, and to the overruling defendant's motion in arrest of judgment and for a new trial.

The first assignment of error is upon the refusal of the court to arrest the judgment.

The motion in arrest of judgment was upon the ground that the facts set forth in the information do not constitute a public offense. The information charges that defendant, " on the 1st August, 1858, did unlawfully sell and give away intoxicating liquors, to one H. H. Helton and other persons whose names are unknown." It is not an offense under the statute, to give to any other persons intoxicating liquors, unless, as expressed in section 6, acts of 1854–5, chap-

ter 45, p. 58, "they be given in consideration of the pur-
chase of any other property." In which case, upon an aver-
ment that the liquors were given to a person, the fact that
they were given in consideration of the purchase of other
property should be averred, in order to constitute the offense.
The averment in this case is that the liquors were both "sold
and given." The selling is made a punishable offense, and
it is no objection to the information that it alleges further
that the liquors were "given." A description that is good
will not be affected by an addition that is void. *Utile per
inutile non vitiatur.* The information, in our opinion, suffi-
ciently describes an offense punishable under our laws.

Other objections taken to the information, which do not
amount to sufficient cause for arresting the judgment upon
an indictment under section 3054 of the Code, and which
might with more propriety have been urged upon demurrer
to the information, are not considered.

The second assignment of error is upon the refusal of the
court to grant a new trial. The motion for a new trial was
for the cause that the court had misdirected the jury. The
evidence tended to show, that at the time when the offense
is alleged to have been committed, one Manning was carry-
ing on business as the owner or proprietor of the premises
where the liquor was sold, and that the defendant, although
he dealt out the liquors and received payment therefor, was
not the principal, or agent, or servant, of said Manning, and
that intoxicating liquors were sold to others than the said
Helton, as alleged in the information.

The defendant thereupon asked the court to instruct the
jury: 1. "That if they believed from the evidence that the
defendant was not the proprietor of, and carrying on business
as principal in the premises in which said liquor was sold,
but was acting in the capacity of clerk or agent of Manning,
the owner and proprietor of the premises, they must find
the defendant not guilty. 2. That if they believed from the
evidence that defendant was not pecuniarily interested in
selling intoxicating liquors on said premises either as prin-

cipal or agent, but merely dealt out said liquors as a volunteer, without authority from the owner or proprietor of said establishment, and without pecuniary reward for so doing, they must find the defendant not guilty." The court refused to instruct the jury as requested and charged them : " That if they believed from the evidence that defendant, either for himself, or as agent or servant for another, sold, or in consideration of the sale of the property, gave to any one intoxicating liquors between the times charged in the information, they must find the defendant guilty as charged."

The statute provides that " if any person, by himself, his clerk, servant or agent, shall for himself, or any person else, directly or indirectly, or on any pretence, or by any device sell, or, in consideration of the purchase of the other property, give to any other person any intoxicating liquors, he shall be deemed guilty of a misdemeanor, &c."

The defendant can not, therefore, be allowed to escape the consequences of his act, by showing that he was the clerk or agent of Manning, or that he sold the liquor as a volunteer, without the authority of Manning, and without pecuniary reward. There can be no question but that the liquor was sold by him for Manning, and whether with or without authority, or with or without reward is not material. The instructions were properly refused.

On the trial of an information which charged the defendant with selling intoxicating liquor to one Helton, it was hardly proper for the court to instruct the jury that, "if the defendant sold liquor to any one, within the time laid in the information, he was guilty as charged."

If the information charged that the liquor was sold to Helton alone, it would not be sustained by proof of a sale to any other person. But in this instance the information alleges that the intoxicating liquor was sold to "Helton and other persons whose names are now unknown." The testimony was that the defendant sold the liquor and received payment therefor, and that it was sold to other persons than the said Helton. Under this state of facts, we think there was no er-

ror to prejudice of the defendant, in the instructions given by the court.

The defendant offered to introduce the record of B. Bryant, Esq., a justice of the peace of Polk county, and to prove by the same that the said Manning, the proprietor of the premises where the liquor was sold, had been convicted of the offence of selling intoxicating liquors to said Helton between the times set up in the information against defendant, and for the same offence with which defendant was now charged.

The court refused to receive the evidence, and this is the third error assigned.

The statute provides that "all clerks, servants and agents, of whatever kind engaged or employed in the manufacture, sale or keeping for sale, in violation of the act, of any intoxicating liquors, shall be charged and convicted in the same manner as the principal may be, and shall be subject to the same penalties." Acts of 1853, chapter 45, section 6. It is no defense for the agent, that his employer is guilty or has been convicted of the same offense with which he himself stands charged; and the evidence, if admitted, would not have had the effect to exculpate the defendant. It was therefore properly excluded.

Judgment affirmed.