## BAIRD V. STATE.

1. LIQUORS: *Unlawful dealing in: Drag-net proviso of license law.*
   The liquor provisions of the revenue act of 1883 [*Mansf. Dig., secs. 5592, 5596*] making it a crime to carry on the business of a liquor dealer without a license, created a new offense against the general license law, of which the statute known as the "drag-net proviso" [*Mansf. Dig., sec. 4522*] is a part. And under such proviso, which in effect declares that the license law shall be enforced in every part of the State, irrespective of other acts, a conviction may be had for engaging in the business of a liquor seller, without a license, in a local option district, where no license can issue. [*Mazzia v. State, 51 Ark., 177.*]

2. SAME: *Same: "Drag-net" proviso not unconstitutional.*
   The "drag-net proviso" of the license law [*Mansf. Dig., sec. 4522*] does not extend the provisions of that law by reference merely, and it is not, therefore, repugnant to section 23, article 5, of the Constitution, which forbids the extension of the provisions of a prior law by reference to its title only.

3. SAME: *Same: License provisions of revenue act.*
   It was not the intention of the act making it a crime to be a common seller of liquors without a license [*Mansf. Dig., sec. 5594*], to limit prosecutions for that offense to territory not covered by other acts. And aside from the effect of the "drag-net proviso," a conviction for such offense may be had in districts where the local option law and other prohibitory statutes are in force.

4. SAME: *Same: Sale by agent.*
   Proof that a defendant sold liquors as the agent of an unlicensed dealer, will sustain a conviction for engaging in the business of selling liquors without a license.

APPEAL from *Saline* Circuit Court.

J. B. WOOD, Judge.

The appellant was indicted for unlawfully engaging in the business of selling liquors in Garland County without first paying the proper tax. A demurrer to the indictment was overruled, and the cause was removed to the Saline Circuit Court, where it was submitted for trial to the court, a jury being waived. An agreement signed by the attorneys of the parties was read in evidence, admitting that the appellant, within one year next before the finding of the indictment, had sold liquors in Garland County and within three miles of St. Mary's Academy, as the bar-tender of F. Douglas, who was

engaged in the business of selling liquors. It was proven by the State that the sale of liquors within three miles of that academy was, at the time of such selling by the defendant, prohibited by an order of the County Court. The court found the defendant guilty, and he appealed from the judgment against him.

*L. Leatherman* and *G. W. Murphy* and *John McClure*, for appellant.

1. The indictment fails to charge that defendant was a *liquor dealer*, and the proof fails to show that he was a *liquor dealer*. *Mansf. Dig., 3d par., sec. 2164; ib., 2167; 36 Ark., 55; 34 id., 340; 45 id., 93-4.*

2. The license act was displaced and its operation suspended in the local option districts. *34 Ark., 381; 41 id., 305; ib., 308.*

3. The proviso of the act of 1883, p. 192, is limited by its express terms to the act it is a part of, and does not extend to the revenue act. *Acts 1883, p. 212; 43 Ark., 364.* No license can be granted in the prohibited districts. *35 Ark., 414; 36 id., 178.* The object of the revenue act was *revenue*. *45 Ark., 93.* See, also, *50 Ark., 140.*

4. The provisions of the license act are not amended by the revenue act, for this is contrary to *art. 5, sec. 23, Const.; 47 Ark., 482; 17 Wisc., 631; 49 Ark., 135.*

*Chamberlain v. State, 50 Ark.,* sustains the position that the operation of the revenue act was suspended by the "three-mile law." *4 Ark., 410; 117 Penn. St., 226; 3 Am. St. Rep., 655.*

Whether the revenue act amended the license act or not, the field of operation of the *proviso* is limited and circumscribed by that act. *12 Mich., 333; 33 Ala., 693.*

The revenue act contains no such proviso, nor refers to it. The function of a proviso is to *limit*, not extend or enlarge the act or section of which it is a part. *Endlich Int. St., secs. 184-5-6; 15 Pet., 423; L. Co. of Ed., U. S. Rep., book 10, p. 791.*

*Provisos* in criminal statutes are liberally construed in favor of defendant. *Endlich Int. St., sec. 332.*

*W. E. Atkinson,* Attorney General, for appellee.

1. Agents are equally guilty in sales of liquor unlawfully. *36 Ark., 151; sec. 5594 Mansf. Dig.*

If seller has no license and the owner none, all who participate may be liable. *State v. Keith, 37 Ark., 96.*

The license of the owner is matter of defense for agent. *State v. Devin, 38 Ark., 517.*

Burden is on defendant to show that he sold for a dealer, and that he was licensed. *Rana v. State, 51 Ark., 481.*

If the defendant's theory were true, non-residents could establish saloons in the State and employ men to carry them on in defiance and violation of law with impunity.

The other points in these cases are settled in *51 Ark., 177.*

COCKRILL, C. J. The latter half of the third section of the act of March 26, 1883, amending the liquor license law, though introduced by the word "Provided," does not limit any provision of the act or except anything from its operation; it contains, besides, a positive enactment to the effect that the provisions of that act shall be enforced in every part of the State, including localities where the local option and special laws prohibiting the sale of liquors are in force. This is apparent from the latter part of the section. The technical canon of construction which applies to provisos proper, has, therefore, no place in the interpretation of the act and its amendments. The license provision of the revenue act of 1883, subsequently passed, made it a crime to carry on the business of a liquor seller without license, and fixed the penalty at a higher fine than was previously imposed for unlicensed sales. The offense thus created was a new one. By the terms of the act creating it, it became an offense against the license law; but there is only one license law (*Bennett v. Drew Co., 43 Ark., 364*), and the "drag-net proviso," as the above-mentioned provision from

the act of March 26, 1883, is called, is a part of it. It follows that there is no suspension of the enforcement of the act on account of the operation of the local option law in the locality where the sale took place ; and the decisions of *Dubois v. State, 34 Ark., 381,* and the cases following it, have, for that reason, no application. That is the effect of the decision of *Mazzia v. State, 51 Ark., 177.*

It is argued that the so-called proviso of the act of March 26, 1883, is repugnant to that clause of the Constitution which forbids the extension of the provisions of a prior law by reference to its title. *Sec. 23, art. 5, Const. 1874.* The section does not extend the provisions of the license law by reference merely, but after re-enacting the prohibitory part of the license act of 1879 so as to include alcohol within its prohibition, along with other spirituous liquors, declares that the act shall have operation in every part of the State, irrespective of other prohibitory acts. That is not within the evil inhibited by the Constitution. *Scales v. State, 47 Ark., 476.* The validity of the proviso is asserted by a long line of affirmances of convictions under it by this court without question.

But aside from the influence of the proviso, the act which makes it a crime to be a common seller of liquor without license, does not indicate the intention to limit prosecutions for its breach to territory not covered by special or other acts. Like the act for the punishment of clandestine sales of liquor passed about the same time (see *Blackwell v. State, 45 Ark., 92*), it is designed to cover all territory. The point as to clandestine sales was so ruled in *Glass v. State, 45 Ark., 173,* The conclusion that such was the intention in this act, is made more manifest by the fact that the proof which would warrant a conviction which is aimed at single instances of selling only, would not answer the demand upon a charge of the new offense. The two offenses have not the same constituent elements. *State v. Coombs, 32 Me., 529;* See *Ruble v. St., 51 Ark., 170.* The reason given for the Duboise decision does not, therefore, ap-

2. Drag-net proviso.

3. Provisions of reve-nue act.

ply, and the conviction is right independent of the drag-net proviso. *Mazzia v. St., 51 Ark., sup.; State v. Smiley, 7 S. E. Rep., 904; Robinson v. State, 9 S. W. Rep., 61.*

**4. Sale by agent.** The agreed statement of facts on which the appellant was tried shows that he sold liquor as the agent of one who had no license. That was sufficient to warrant the conviction. *Rand v. State, 51 Ark., 481; Berning v. State, ib., 550; State v. Keith, 37 ib., 96; State v. Devers, 38 ib., 517; Cloud v. State, 36 ib., 151.*

The judgment must be affirmed.