[Filed April 1, 1890.]

STATE OF OREGON, Respondent, *v.* GEORGE CHASTAIN, Appellant.

Spirituous Liquors—Sale by Agent.—Where one sells spirituous liquors as the agent of another, neither he nor his principal having any license, under the statute he is liable personally to an indictment.

Statutes in Nature of Police Regulations.—Statutes prohibiting the sale of liquors without first having obtained a license therefor, are in the nature of fiscal and police regulations, and make their violation indictable irrespective of guilty knowledge.

Appeal from Klamath county: L. R. Webster, judge.

The defendant was jointly indicted with one D. A. Sco. t under a charge of selling spirituous liquors without a license. There was a failure in arresting Scott, and defendant went to separate trial and was convicted. On the trial the defendant sought to introduce substantially the following facts as a defense to the indictment: That one D. A. Scott, the co-defendant in this indictment, about the first day of October, 1889, opened a saloon for sale of spirituous liquors at Bonanza, a small village in Klamath county, Oregon, situated about twenty miles from Linkville, the county seat; that shortly after opening said business, the said Scott represented to defendant and other residents of the village that he had deposited with the treasurer of said county the money for his license, in accordance with the custom of parties desir-

ing a license, and that he must go to Linkville and get it; that Scott at this time had a United States revenue license for the sale of liquors, and that after making these representations Scott hired the defendant to tend bar for him until he could go and get his license and return, which would be in a few days. Scott left with the avowed purpose of getting his license, but never returned. Soon after Scott left, his creditors attached his property and closed his business, but that during the interval between his leaving and closing the business, the defendant sold the liquor to the witness Truitt; that the defendant had no interest whatever in the business or its receipts, and honestly believed that Scott had taken out his license before the delivery of the whisky to the witness Truitt.

These facts were sought to be shown by several witnesses; but on objection, the court refused to admit the evidence, and in effect instructed the jury that such facts would not constitute a defense for selling liquor without a license.

*H. K. Hanna,* for Appellant.

*Wm. M. Colvig,* district attorney, for State.

LORD, J., delivered the opinion of the court.

On behalf of the defendant, it is contended that as he was simply a servant or employé of Scott and had no interest in the business or the result of the sales of liquor, and honestly believed his employer had procured a license, and was mislead by him; that he could have no motive or intention to violate the law, without which his act could not constitute a criminal offense. The contention, therefore, is, that to make a transaction criminal, there must be both the will and act entering into the transaction.

That "the wrongful intent being the essence of every crime, the doctrine necessarily follows, that whenever a man is misled without his own fault or carelessness, concerning facts; and while so misled, acts as he would be justified in doing were the facts what he believed them to be, he is legally innocent, the same as he is innocent morally." Bishop Crim. Law, § 303.

"The doctrine which requires the existence of evil intent lies at the foundation of public justice. There is only one criterion by which the guilt of men is to be tested. It is whether the mind is criminal." *Idem*, § 287. Thus in *Fauks* v. *People*, 39 Mich. 200, where, on a prosecution for selling intoxicating liquors to a minor, it was held a good defense to show that the seller reasonably believed him of age. Campbell, C. J., said: "It cannot be assumed that the legislature would attempt such a wrong as to punish a criminal act which involved no criminal intent. This principle is as old as the criminal law and underlies the whole of it."

As illustrative of the principle involved, see also *Farrell* v. *State*, 32 Ohio State, 456; 3 Law. Crim. Def. 200, 267, 279; 11 Am. & Eng. Ency of Law ("Intoxicating Liquors"), pages 694, 698.

On the other hand, in other jurisdictions, upon the question whether the seller knew that the buyer was a minor, it has been held that ignorance in this particular, joined with an honest belief that the minor was of full age, is no defense. In *Ulrich* v. *Com.*, 6 Bush. 400, it was held that it is as incumbent on the vender of liquors to know that his customer labors under no disability as it is for him to know the law, and that his ignorance of neither will excuse him.

In *McCatcheon* v. *People*, 69 Ill. 606, Scott, J., said: "The license procured under the first section of the act confers no authority on the licensee to sell intoxicating liquors to a minor, except on one condition, viz.: he shall have the written order of his parents, guardian or family physician. * * * The law imposes upon the licensed seller the duty to see that the party to whom he sells is authorized to buy, and if he makes sales without this knowledge, he does it at his peril. * * * It is no answer to this view to say the licensee may sometimes l e imposed upon and ma le to suffer the penalties of the law, when he had no intention to violate its provisions. This is a risk incident to the business he has undertaken to conduct, and as he

receives the gains connected therewith he must assume also, with it, all the hazards." See note 30 Am. R. 617.

The principle established by this view is that ignorance of fact is no defense where the statute makes the offense indictable irrespective of guilty knowledge. As Dixon, C. J., said: "Where a statute commands that an act be done or omitted which in the absence of such statute might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute will not excuse its violation." *State* v. *Hartfiel*, 24 Wis. 61; 1 Wharton Crim. Law, § 88; 3 Greenleaf Ev. § 21. Our statute provides: "That no person shall be permitted to sell spirituous, malt or vinous liquors in this State without having first obtained a license from the county court," etc. Sec. 1. And again: "If any person or persons shall barter, sell or dispose of, in any manner, any spirituous, malt or vinous liquors, without first having obtained a license therefor as provided by the act, such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than," etc. Sec. 9, Sess. Laws, pp. 9, 10. The language of this statute is absolute and unconditional. Its purpose is to compel every person who engages in the sale of intoxicating drinks to first obtain a license as required by the statute, otherwise he acts at his peril. Statutes of this character are in the nature of fiscal and police regulations and impose penalties irrespective of any intent to violate them—the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible. *People* v. *Roby*, 52 Mich. 579.

The statute makes it a positive requirement that a license shall be first obtained before a sale can be made without incurring the penalty denounced. It makes such an act indictable, irrespective of guilty knowledge, and ignorance of fact, however sincere and honest, cannot avail as a defense. Hence it is no defense to an indictment for selling liquor without a license that the defendant sold as the agent of another person.

"It is no defense," says Mr. Wharton, "that the defendant was acting as agent for another. He is criminally responsible as principal himself, notwithstanding such agency." 2 Wharton's Crim. Law, § 1504; Bishop Crim. Law, § 1024.

In *State* v. *Bwgbee*, 22 Vt. 34, the court say: "It is claimed that if the respondent in making the sale acted gratuitously as the mere servant of Hunt, he would not be personally liable to indictment though Hunt had no license. But we think this is not sound. If the respondent justify the act of selling under Hunt, as his principal, he must show an authority in his principal to sell. The agent who does the act can stand in no better situation than his principal. He justifies under him; and if the principal had no authority to sell, the agent could have none. Hunt having had no license to sell, the respondent must stand as principal, so far as appertains to this prosecution." See also 11 Am. & Eng. Ency. of Law, title "Intoxicating Liquor," pages 714, 715.

Standing in the place of his principal, the bar keeper is bound to know, to excuse himself from liability, that his principal is licensed to sell intoxicating liquors, as otherwise he is charged with the knowledge that such sales are prohibited and in violation of the statute. As statutes of this character bind the party to know the facts and to keep them at his peril, neither the motives nor the intent of the defendant can relieve him. When a sale is made without a license, the intent is immaterial, when the statute makes the act indictable irrespective of guilty knowledge, and in such case, ignorance of fact, no matter how sincere, cannot be a defense. It is enough that under the statute the commission of the act prohibited constitutes the offense, irrespective of the motives or knowledge of the defendant, and as his principal had no license to sell, the defendant must stand for him, so far as appertains to this prosecution.

It follows that the judgment must be affirmed.