## STATE v. ALONZO T. CLARK.

GENERAL TERM, 1893.

*Intoxicating liquor.   Drinking upon premises of another.*

The proprietor of a soda fountain is not guilty of furnishing intoxicating liquor if a person mingles with the soda, which the proprietor draws for him, by pouring into the tumbler before or after the soda is drawn, whiskey which he has purchased elsewhere, and drinks the mixture upon the premises and in the presence of the proprietor. How it might be if a third person drank is not decided.

Indictment for the unlawful furnishing of intoxicating liquor. Plea, not guilty. Trial by jury at the June term, 1892, Orange county, TYLER, J , presiding. Verdict guilty. The respondent excepts.

The evidence of the State tended to show that the respondent was the proprietor of a drug store in the village of Bradford, in which he kept a soda fountain in summer sea-

sons; that on various ocasions between January 1, 1890, and June 1, 1892, parties of young men, numbering from two to six, would meet upon the street and other places in the village, and by agreement among themselves one of the number would procure some intoxicating liquor, generally whiskey and a pint in quantity; that they would then go together to the respondent's drug store, where they would call for soda, into which, when it was drawn from the fountain into the respondent's tumblers, they would pour whiskey from their bottle and drink the mixture; that the syrup would sometimes be put first into the tumblers and then the whiskey and the soda last, and sometimes the whiskey last; that there was no invariable order in that respect; that these occasions were at irregular intervals, sometimes once, twice and three times a week, and sometimes at intervals of two and three weeks, in the soda season, which comprised the summer and part of the autumn; that different persons composed these parties on different occasions, though three or four particular ones were generally in the parties; that there were occasions in the cold weather when intoxicating liquors were in like manner drank with a beef extract and hot water: that the respondent kept no intoxicating liquors, and that the intoxicating liquors thus drank in his store were in no case obtained from him but always from some outside source, and were paid for by the young men "chipping in," as they termed it; that on a part of these occasions a young man employed as clerk for the respondent was a member of the party, but that he acted for himself and not for the respondent about the intoxicating liquor; that the respondent was sometimes present in the store and sometimes absent on those occasions; that he sometimes drew the soda himself, though his clerk generally did it, and that when the respondent was in the store he might easily have noticed what was done at the fountain.

At the close of the testimony the respondent moved the

court to direct a verdict in his favor.    This motion was denied and the respondent excepted.

The court instructed the jury, among other things, as follows :

" If you find that the state's witnesses, on different occasions, as their evidence tends to show, procured intoxicating liquor outside of respondent's drug store and not from him, and carried it into the drug store for the purpose of drinking it there with soda drawn at the respondent's fountain· by himself or his clerk into the respondent's tumblers, the witnesses themselves mingling the intoxicating liquor with the soda and drinking the mixture, and that was done with the respondent's knowledge, such acts were acts of furnishing intoxicating liquor contrary to ·law ; they were in violation of the statute prohibiting the traffic in intoxicating liquors."

The court further told the jury that the furnishing to each member of the party would be a distinct offence.

To all the above the respondent excepted.

*John H. Watson* for the respondent.

The liquor was owned by the young men as tenants in common.    *Rider* v. *Hathaway*, 21 Pick. 304, 305 ; *Nowlen* v. *Colt*, 6 Hill. 461 ;  *Hall* v. *Pillsbury*, 43 Minn. 33 (19 Am. St. Rep., 211) ; *Adams* v. *Myers*, 1 Sawyer 306 ; *Dale* v. *Olmstead*, 36 Ill. 150 ;  *Moore* v. *Bowman*, 47 N. H. 501 ;  *Tuttle* v. *Campbell*, 74 Mich. 652 ;  *Jackson* v. *Robinson*, 3 Mason 138, 141.

The same rule applies to spirituous liquor as to other property.    *Tucker* v. *Adams*, 63 N. H. 361 ; *Howe et al.* v. *Stewart*, 40 Vt. 145 ; *Harrison* v. *Nichols et al.*, 31 Vt. 709. ·

Therefore when they brought the liquor into the respondent's store and drank it they owned it, and no law was violated.    *Harrison* v. *Nichols et al.*, 31 Vt. 709 ;  *State* v. *Jones*, 39 Vt. 370, 374 ;  *Commonwealth* v. *Pomphret*, 137

Mass. 564; *Commonwealth* v. *Smith*, 102 Mass. 144;
*Commonwealth* v. *Ewig*, 145 Mass. 119.

*Geo. L. Stowe*, state's attorney, for the state.

The respondent was guilty of furnishing. *State* v. *Free-
man*, 27 Vt. 523; *State* v. *Haynes*, 36 Vt. 667; *State* v.
*Remilee*, 36 Vt. 667; *State* v. *Horacek*, 41 Kan. 87; *State*
v. *Tindall*, 40 Mo. App. 271; *State* v. *Neis*, 108 N. Car.,
following *State* v. *Lockyear*, 95 N. Car. 633; *State* v. *Es-
sex Club*, (N. J.) 20 Atl. Rep. 769; *Martin* v. *State*, 48
Ind. 21; *Kentucky Club* v. *Louisville*, (Ky.) 17 S. W.
Rep. 743; *State* v. *Mercer,* 32 Iowa 405; *Rickart* v. *Peo-
ple*, 79 Ill. 85; *People* v. *Sinell*, 12 N. Y. Supp. 40; *Peo-
ple* v. *Bradley*, 11 N. Y. Supp. 594; *People* v. *Andrews*,
115 N. Y. 427; *Chesapeake Club* v. *State*, 63 Md. 446;
*State* v. *Easton Social Club*, (Md.) 20 Atl. Rep. 783.

TAFT, J. The testimony in the case tended to show
that the respondent kept a soda fountain in his drug store,
that several persons would contribute to a common fund,
and one of them would purchase with it a bottle of whiskey
of some one other than the respondent; that they would
then go into the drug store and call for soda or beef tea,
and when it was furnished by the respondent, in his tumb-
lers, they (the party) would pour the whiskey into the
tumblers and then drink the mixture. Sometimes the whis-
key was put into the tumblers first and sometimes last. The
respondent, or his clerk waited upon the party. The testi-
mony further tended to show that the respondent had knowl-
edge that the whiskey was being furnished and drank, as
above stated. The member of the party who took the
money of the others and with it procured whiskey and
brought and delivered it to them was guilty of furnishing it.
*State* v. *Hassett*, 64 Vt. 46, and if the respondent, by him-

self or clerk, aided or assisted in the transaction, he likewise was guilty.

But in regard to the person who went out and purchased the whiskey, if he partook of it in the drug store with the other members of the party there could be no offence, for he could not be guilty of furnishing himself with liquor, nor ths respondent guilty of aiding or assisting him in so doing. As the charge of the court permitted this we are all agreed that there was error in that respect, and for this reason the verdict must be set aside. As to whether the motion for a verdict of acquittal should have been granted we are not agreed, and as the case must be reversed for the reason stated and the question upon the motion may not again arise,

*The exception to the charge is sustained, verdict set aside, and cause remanded for a new trial.*