ANDY KEITH v. THE STATE.

No. 1357. Decided March 2, 1898.

1. **Indictment—Allegation of Time—"On or About."**

As to the date of the offense, the indictment is sufficient if it alleges that it was committed "on or about" a certain named day.

2. **Same—Giving Away Whisky on Election Day.**

On a prosecution for giving away whisky at a voting precinct on election day, the indictment is sufficiently definite as to the day if it designates the day as election day. The proof must show the day and that it was an election day.

3. **Same—Evidence—Defendant's Intent.**

The offense of giving away whisky on election day is not dependent upon the intent with which it was given. And defendant is not entitled to prove that he did not give the whisky for the purpose of influencing the action of the party to whom it was given at said election.

**4. Charge—Harmless Error.**

Where the court, in defining the offense, uses statutory language not applicable to the particular case on trial, the error becomes harmless where the charge subsequently applies the law directly to the particular offense charged.

**5. Accomplice Testimony.**

The doctrine as to accomplices and accomplice testimony does not arise in a case of giving away whisky on election day. The party to whom the whisky is given is not an accomplice.

**6. Giving Away Whisky on Election Day—Ownership of the Whisky.**

On a trial for giving away whisky on election day, it is not essential to a conviction that defendant should be shown to be the owner of the whisky. It is sufficient if the defendant exercises control over the whisky and gives it away.

APPEAL from the County Court of Kaufman. Tried below before Hon. JOHN VESEY, County Judge.

Appeal from a conviction for giving away spirituous liquors on the day of an election; penalty, a fine of $100.

*J. S. Woods,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of giving away whisky on election day, and his punishment assessed at a fine of $100; hence this appeal.

Appellant made a motion to quash the indictment, on the ground that it named no distinct day, but alleged that the offense was committed on or about a certain named day. It is settled in this State that an allegation of this character as to time is sufficient. The particular offense charged here is giving away whisky at a voting precinct on election day. The indictment designates said day as election day, and this is sufficiently definite as to the day. The proof must show some particular day, and this day must be an election day. Such proof could be made under this indictment.

The exception to the action of the court in refusing to permit appellant to prove that, if he had given the prosecutor any whisky on election day, he did not do so with intent to influence his action at said election, is without merit. The law does not make the offense dependent on the giving of whisky on election day for the purpose of influencing the election or any one voting thereat.

We do not consider that the objection taken to the order of the commissioners court with reference to making precinct No. 12 a voting precinct is well taken. In connection with said order, the proof abundantly showed that a general election was being held at Kemp on said day.

There is nothing in the appellant's contention as to the attitude of his counsel in the Burrage Case (Texas Criminal Appeals), 44 Southwestern Reporter, 169, which had been tried the day before, in which the attorney for appellant represented the State, and his attitude in

the case then on trial in which he represented the defendant; and we fail to see how any allusion to that matter by the county attorney could have injured the rights of the appellant, or in any manner have influenced the jury.

The court, in his charge to the jury, in defining the offense, gave that portion of the statute with reference to keeping saloons open. While this had no application to the case before us, still it could not have affected appellant, as, in applying the law to the facts, the particular offense charged against appellant in the indictment was given to the jury.

Appellant contends that the court should have charged on the law of accomplices. In this regard the defendant insists that the party to whom he gave the whisky was an accomplice, and therefore his testimony should have been corroborated, and the court should have instructed the jury on this subject. In answer to this, it is sufficient to say that the doctrine of accomplices and their necessary corroboration does not arise under the facts. The party to whom the whisky was given is not an accomplice.

Appellant complains that the court should have given special charge asked with reference to voting precinct No. 12, and should have instructed the jury that the burden was on the State to show that an election was being held in precinct No. 12, in appellant's voting precinct. We think the order introduced sufficiently shows that the voting place of precinct No. 12 is at Kemp. In the body of the order, it is called "Precinct No. 12," and the voting precinct is fixed at Kemp's Schoolhouse. At the close of said order it is designated "Voting Precinct No. 12, Kemp." The witnesses show the holding of the election in said precinct, and the first witness introduced by the State testified that Kemp was a voting place of that precinct, and that was defendant's voting precinct. He was living in the town of Kemp, and clerking in that place at that time. The fact that Pruitt stated that he thought it was precinct No. 7 would make no difference.

Appellant complains that the charge of the court on the subject of ownership and control of the whisky is misleading on that subject, and is upon the weight of the testimony. The charge of the court upon this subject is as follows: After giving a general charge on the subject of giving whisky as charged, etc., he says: "If the jury believe from the evidence, beyond a reasonable doubt, that the defendant, on the 3d day of November, 1896, in voting precinct No. 12, in Kaufman County, Texas, and when an election was being held, as charged in the indictment, went into the Boatright Hotel, and took a jug of whisky out of a trunk, and gave it to said J. J. Pruitt, then and in that event you should find the defendant guilty, and assess his punishment as hereinbefore explained." The State's evidence on this subject showed that appellant went into a room at the Boatright Hotel, and there, in company with others, went to a trunk or box, opened it, and took therefrom a jug of whisky, and handed it to the witness, J. J. Pruitt, who drank

thereof. This was the testimony of Pruitt, and also the testimony of Crow. Appellant proved by other witnesses that it was not his whisky; that it belonged to his brother Horace. However this may be, the State's proof showed abundantly that he made the disposition of the whisky. He knew where it was, went into the room with these parties, opened a box or trunk, took it out, and gave them a drink. It does not occur to us that, under a proper construction of the statute, it is necessary for the party to own the whisky which he gives away, before he can be convicted. Evidently, the object of the law was to prevent the use of whisky and the drinking thereof at or about an election precinct while the election is in progress; and, under this contention, the law could be evaded by showing in defense that the whisky belonged to some one else. We do not conceive that the question of agency is involved under this statute. So, in our opinion, the court, by its charge, sufficiently informed the jury of the rule of law on the subject, and said charge was not upon the weight of the testimony. The acts of the defendant constitute him the giver, whether he disposed of the whisky as his own, or had the authority of some one else to dispose of it. He found the whisky, and then assumed control of it, and gave it away. We find no error in the record, and the judgment is affirmed.

*Affirmed.*