52    25
52    419

DARNELL HIERS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—INTOXICATING LIQUORS—SELLER FOR SELF OR AS AGENT FOR ANOTHER INDICTABLE.—PURCHASER FOR SELF OR FOR ANOTHER NOT LIABLE.

1.  The 3rd section of Chapter 4930, Laws of 1901, makes proof of the delivery of liquor and receipt of money therefor only *prima facie* evidence that the party so delivering the liquor and receiving the money therefor is the owner of such liquor, and the courts should so instruct juries in such cases, and they should be further instructed that the defendant may rebut this presumption

by proving if he can that he was not in fact the owner of either the liquor delivered, or of the money received for same, and was not acting as the agent of the seller or owner in making the delivery of the liquor and in receiving the money therefor, and that if he so proves then he can not be convicted. A mere *purchas*er of liquor for one's self or for another does not in so purchasing violate the laws against the sale of liquors.

2. It is well settled that one who, in violation of law, *sells* intoxicating liquors as the servant of another, is liable personally, as well as his principal, to indictment, although he acted without compensation in making the sale. If he *actually does the selling* of the liquor, either on his own account as the owner thereof, or as the *servant or agent of the owner*, he should be convicted; but if he does not *make the sale*, and has no interest in the liquor sold or in the price received for it, but merely acts in the transaction as the *purchaser* or agent of the purchaser of the liquor sold, he can not be convicted.

This case was decided by Division B.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the Court.

*Roberson & Small*, for Plaintiff in Error;

*W. H. Ellis*, Attorney General, for the State.

TAYLOR, J.: The plaintiff in error, hereafter called the defendant, was indicted, tried, convicted and sentenced in the Circuit Court of Suwannee county for the crime of sell-

ing intoxicating liquors in a county that had by an election adopted prohibition, and for relief from such judgment presents writ of error here.

The undisputed facts in the case are substantially as follows: On or about the 17th of April, 1906, the defendant got a jug of whiskey from the express office for his father, one Sam Hiers, who was a bed-ridden cripple residing at the defendant's house, and carried it home to his father whose property it was. On his way home with the jug he met a State's witness, and asked her if she would not like to have some whiskey, and on her replying in the affirmative, told her that he had some in that jug and that he would wait for her at the shop and she could come there for it. About an hour afterwards she went to the shop but he was gone, whereupon the witness went to where defendant lived and found him and his wife in the yard catching chickens preparatory to removing, as they said, next day to another place. Upon seeing the witness defendant came to her, and she gave him a one dollar bill and told him she wanted a pint of whiskey. He went into his house with the money and returned in a few minutes with a pint of whiskey and twenty-five cents in change that he delivered to the witness. This witness had frequently before that time bought whiskey from Sam Hiers the father of defendant at the latter's house, but had never before that time obtained any directly from the defendant. The city Marshal of Live Oak was concealed close by when the defendant took the money from the witness and carried it into the house, and saw him come back and hand something to the witness, whereupon the marshal stepped up and arrested the defendant, took the pint of whiskey from the witness that he had just given her, and took the defendant into the house where he found Sam Hiers the defendant's father lying on a bed, and

found in his pocket book lying on the bed with him the one dollar bill that the witness had just sent in for the whiskey. The defendant and his father Sam Hiers both testified that the whiskey sold on this occasion and the money received for same belonged entirely to Sam Hiers and not to the defendant, and that the latter had no interest therein whatever. Sam Hiers, without contradiction, testified very frankly that he had been engaged for several years in the illicit sale of liquors, and for some time past had conducted the business at his son's house with whom he lived. That he ordered his liquors from elsewhere, having them sent to him by express, and he would get various people to bring the liquors to him from the express office paying them for so doing, and would sometimes get his sons to bring it to him from the express office, paying them for so doing the same as he paid others for the same service. That he was a bed-ridden cripple and had been for many years, and could not make a living in any other way. That his son Darnell Hiers had no interest whatever either in the whiskey sold that night or in the money received for it. That he (Sam Hiers) alone owned the whiskey and sold it, and he alone owned the money received for it.

The third section of Chapter 4930, Laws of 1901, under which the defendant was indicted makes proof of the delivery of liquor and receipt of money therefor by the defendant *prima facie evidence* of the *ownership* of the liquor by the defendant. In giving this section of the statute in charge to the jury the judge should explain to them that proof of the delivery of the liquor and receipt of money therefor by the defendant was *only prima facie* evidence that he was the owner of said liquor, and that the defendant could rebut this presumption by proving if he can that he was not in fact the owner of either the liquor

delivered or of the money received for same, and was not the agent of the seller or owner in making the delivery of the liquor and receiving the money therefor, and that if he so proved then he could not be convicted. Goode vs. State, 50 Fla. 45, 39 South. Rep. 461; Anderson vs. State, 32 Fla. 242, 13 South. Rep. 435. For this reason the court below erred in refusing to give the following charge requested by the defendant: "If you believe from all the evidence in this case that the defendant had no interest in the whiskey alleged to have been sold and no interest in the money received for it at the time of the sale, but merely acted as the agent or friend of the purchaser, then it is your duty to render a verdict of not guilty."

It is well settled that one who, in violation of law, *sells* intoxicating liquors as the servant of another, is liable personally, as well as his principal, to indictment, although he acted without compensation in making the sale. State vs. Bugbee, 22 Vt. 32; Marshall vs. State, 49 Ala. 21; Davidson vs. State, 27 Tex. App. 262, 11 S. W. Rep. 371; Hays vs. State, 13 Mo. 246; State vs. Chastain, 19 Ore. 176, 23 Pac. Rep. 963; Wason vs. Underhill, 2 N. H. 505; Baird vs. State, 52 Ark. 326, 12 S. W. Rep. 566; Commonwealth vs. Hadley, 11 Met. (Mass.) 66; State vs. Finan, 10 Iowa 19; Roberts vs. O'Conner, 33 Me. 496. Therefore it became material in this case for the court to instruct the jury that if they found from the evidence that the defendant *actually did the selling of the liquor*, either on his own account as the owner thereof, or as the servant or *agent of the owner*, he should be convicted, but if he did not *make the sale*, and had no interest in either the liquor or the money received for it, but merely acted in the transaction as the agent *of the purchaser*, he could not be convicted.

For the error found the judgment of the court below is reversed and a new trial awarded at the cost of Suwannee county.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.