LOTT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1913.)

No. 2,201.

INDIANS (§ 34*)—REASONABLE SALE—SALE TO INDIANS—SOLICITING AND IN-
    CITING SALE.
    Cr. Code Alaska, § 142 (Act March 3, 1899, c. 429, 30 Stat. 1274), as
    originally enacted, made the act of selling intoxicating liquor to Indians
    a misdemeanor only. By Act Feb. 6, 1909, c. 80, § 9, 35 Stat. 603, the
    severity of the punishment was increased and the offense was made a
    felony by Cr. Code, § 335 (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S.
    Comp. St. Supp. 1911, p. 1687]). Held, that it would not be presumed
    that the change making the offense a felony was intended also to make
    it an offense for an Indian to solicit or purchase liquor, and hence, not-
    withstanding section 218, Pen. Code Alaska, adopts the common law of
    England except as modified by statute, and at common law one who
    solicited another to commit a felony committed an indictable offense,
    an Indian who induced another to sell whisky to him was not punishable
    for soliciting and inciting another to commit a crime.

    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 60; Dec. Dig.
    § 34.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the First Division of the Territory of Alaska; Thomas R. Lyons, Judge.

Dan Lott was convicted of soliciting and inciting another to commit the crime of furnishing liquor to an Indian, and he brings error. Reversed and remanded, with instructions to dismiss.

The plaintiff in error was convicted in the Commissioner's Court in Alaska of the offense of soliciting and inciting another to commit the crime of furnishing liquor to an Indian, in that he solicited and incited the other to sell whisky to him, the said plaintiff in error, he being an Indian. An appeal was taken to the District Court, where the matter was brought on de novo, and the plaintiff in error was again found guilty. A demurrer was interposed to the complaint, on the ground that the facts set forth therein did not constitute a crime, and a motion in arrest of judgment was made on the same ground. The conviction was had under section 142 of the Alaska Criminal Code (Act March 3, 1899, c. 429, 30 Stat. 1274, as amended by Act Feb. 6, 1909, c. 80, § 9, 35 Stat. 603), which provides as follows: "That if any person shall, without the authority of the United States, or some authorized officer thereof, sell, barter, or give to any Indian or half-breed who lives and associates with Indians, any spirituous, malt, or vinous liquor, or intoxicating extracts, such person shall be fined not less than one hundred nor more than five hundred dollars or be imprisoned in the penitentiary for a term not to exceed two years."

Kazis Krauczunas, of Ketchikan, Alaska, and Wm. J. Claassen, of Seattle, Wash., for plaintiff in error.

Roy V. Nye, Asst. U. S. Atty., of Ketchikan, Alaska.

Before GILBERT and MORROW, Circuit Judges, and WOL-VERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The question which this case presents is whether an Indian, who attempts to purchase liquor from another or solicits another to sell him liquor, solicits or incites the other to commit the offense prohibited by section 142 of the Alaska Criminal Code, so as to be liable to indictment and punishment therefor. That statute does not differ in its essential features from the ordinary state statutes prohibiting the sale of intoxicating liquors, except in the fact that it provides for punishment in the penitentiary for a term not to exceed two years, and therefore, under section 335 of the new Criminal Code, the offense is made a felony. It is uniformly held that statutes prohibiting the sale of intoxicating liquors are directed against the act of selling only, and that the offense is committed only by the vendor or some one who aids him in selling, and that the purchaser and those who aid him in the purchase are not guilty of aiding or abetting in the commission of the offense.

In Wakeman v. Chambers, 69 Iowa, 169, 28 N. W. 498, 58 Am. Rep. 218, the court said:

"The sale of intoxicating liquor is lawful at common law, and it becomes unlawful simply because the statute so provides. Under the statute, the sale, or keeping with intent to sell, is a public offense, because the statute so declares. The statutory crime is bounded by the statute creating it, and the statute operates on, and has force and effect against, the persons therein named, and no others. As the prohibitory statute does not provide that the purchaser is guilty of any crime, it seems to us this fact practically ends

the inquiry. If such had been the intent, it would certainly have been so provided in express terms."

In State v. Baden, 37 Minn. 212, 34 N. W. 24, the court said that the prosecuting witnesses were not accomplices within the meaning of the statute.

"The section of the statute under which this prosecution is brought is directed against the seller, not the purchaser."

In Commonwealth v. Willard, 22 Pick. (Mass.) 476, the court held that a purchaser of intoxicating liquors sold in violation of law was not subject to prosecution. The court said:

"The statute imposes a penalty upon any person who shall sell. But every sale implies a purchaser; there must be a purchaser as well as a seller. * * * This must have been known and understood by the Legislature. Now, if it were intended that the purchaser should be subject to any penalty, it is to be presumed that it would have been declared in the statute, either by imposing a penalty on the buyer in terms, or by extending the penal consequences of the prohibited act to all persons aiding, counseling, or encouraging the principal offender."

In Harrington v. State, 36 Ala. 236, the indictment was for violating the law prohibiting the sale of liquor to slaves. The court said:

"The statutory offense consists in the act of selling, not in that of buying; and neither the purchaser, nor one participating in the purchase, can be deemed an accomplice of the seller."

In State v. Teahan, 50 Conn. 92, the court said:

"The fact that the question has not before been raised in this state is an indication that the almost universal sentiment of the profession is that the purchaser is guilty of no offense."

And referring to the statute which provided that every person who shall aid or abet, etc., another to commit any offense, might be prosecuted and punished as if he were the principal offender, the court said:

"But we are satisfied that the purchaser is not an abettor of the offense within the meaning of the statute. * * * The abettor, within the meaning of the statute, must stand in the same relation to the crime as the criminal—approach it from the same direction, touch it at the same point. This is not the case with the purchaser of liquor. His approach to the crime is from the other side; he touches it at wholly another point."

In State v. Rand, 51 N. H. 361, 12 Am. Rep. 127, the court approved the language of Chief Justice Shaw in Commonwealth v. Willard:

"That such a prosecution is unprecedented in this state 'shows very strongly what has been understood to be the law upon the subject.'"

Similar decisions are State v. Miller, 26 W. Va. 106; Dale v. State, 90 Ark. 579, 120 S. W. 389; Keith v. State, 38 Tex. Cr. R. 678, 44 S. W. 847; Hiers v. State, 52 Fla. 25, 41 South. 881; State v. Cullins, 53 Kan. 100, 36 Pac. 56, 24 L. R. A. 212; State v. Turner, 83 Kan. 183, 109 Pac. 983; State v. Clark, 66 Vt. 309, 29 Atl. 461; State v. Smith, 135 Iowa, 523, 113 N. W. 336; Reed v. State, 30

Okl. Cr. 16, 103 Pac. 1070, 24 L. R. A. (N. S.) 268. In the case last cited, the court said:

"We know of no law that prohibits the purchase of liquor."

But it is urged that the authorities above cited are not applicable here for the reason that the offense is made a felony, and that section 218 of the Penal Code of Alaska adopts the common law of England as adopted and understood in the United States, and provides that it shall be in force in Alaska except as modified by statute, and that at common law it was an indictable offense to incite any one to the commission of a felony. We do not find that those considerations are conclusive of the question. The fact that the offense of selling liquor to an Indian in Alaska has been made a felony is not in itself alone ground for holding the plaintiff in error indictable for soliciting a sale to himself. The nature of the principal offense, whether a felony or a misdemeanor, makes no difference as to the liability to indictment of one who solicits the commission thereof. At common law, he who solicits another to commit either a felony or a misdemeanor, is guilty of the misdemeanor of solicitation, and it was generally held immaterial whether the thing proposed was technically a felony or a misdemeanor. 1 Bishop's New Cr. L. § 768; Rex v. Higgins, 2 East, 5; Rex v. Phillips, 6 East, 464; State v. Keyes, 8 Vt. 67, 30 Am. Dec. 450. It may be conceded that the common law is extended to Alaska, and that Congress is clothed with full legislative power over that territory, and may provide for the punishment therein of those offenses which are punishable at common law, without specifically defining the nature thereof. But the question here is: What was the intention of Congress in enacting the law? Was it intended to make unlawful the act of purchasing intoxicating liquor? If the answer is in the negative, it follows that an Indian who attempts to purchase intoxicating liquor, or solicits another to sell it to him, is guilty of no offense.

The meaning of the act should be found in the light of the anterior legislation on the same subject, legislation not of Congress only, but of the states, and the decisions of the courts, and the general understanding as to the meaning and scope of similar statutes, resulting, in a sense, in a common law of the states on that subject. Section 142 of the Criminal Code of Alaska, as it was originally enacted, made the act of selling intoxicating liquor to Indians a misdemeanor only. In February, 1909 (Act Feb. 6, 1909, c. 80, § 9, 35 Stat. 603), it was so amended as to increase the severity of the punishment. The amendment did not declare the violation of the section to be a felony, but such is the effect of section 335 of the Criminal Code of 1910. Congress must have been aware of the universal ruling of the courts that under laws prohibiting the sale of intoxicating liquors the purchaser committed no offense. We are not justified in assuming that, in so amending the law and increasing the punishment for its violation, it was the intention to make criminal, and subject to punishment as a crime, the act of purchasing or attempting to purchase intoxicating liquors, which theretofore had been innocent acts. If such had been the intention of Congress, it is but reasonable to presume

that it would have been expressed in such clear terms as to admit of no doubt. In the absence of such express legislation, we are authorized to presume that Congress deemed it of greater advantage to the government in enforcing the law to leave the Indian who might succeed in purchasing liquor in Alaska free to testify in the courts against the seller thereof, than to punish the Indian for purchasing, or offering to purchase, the same.

The judgment is reversed, and the cause remanded, with instructions to dismiss the complaint. .