## WEST et al. v. UNITED STATES.

### No. 9415.

Circuit Court of Appeals, Fifth Circuit.

June 24, 1940.

Clint W. Hager, Hal Lindsay, and Clifford G. Battle, all of Atlanta, Ga., for appellants.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

An indictment was returned charging Charlie W. West, Lockett Ealey, Leo T. Evans, Grover Ison, Macon Clark, Francis Ellison, Cecil Rickerson and Jones Alexander, with conspiring to violate the liquor laws of the United States. West, Ealey, Ellison, Rickerson and Alexander were put on trial in the case before us. Clark had died before the trial. Evans and Ison secured a severance and continuation of their case. West and Ealey were convicted by the jury. A verdict of acquittal was directed as to Ellison, Rickerson and Alexan-

der. The only error assigned is to the refusal of the court to direct a verdict of acquittal as to West and Ealey.

The indictment is in one count but lengthy. Briefly stated, it charges all defendants with conspiring: to violate the Federal Internal Revenue Statutes; to possess, transport, transfer, buy and sell large quantities of non-tax paid liquor in unstamped containers; to remove, deposit and conceal large quantities of non-tax paid liquor; to carry on the business of wholesale and retail liquor dealer without having paid the tax required by law; and to carry on the business of distiller without giving bond as required by law, with intent to defraud the United States.

■ Appellants contend the indictment charges a number of separate conspiracies in each of which, by reference to the overt acts alleged, some but not all the defendants are charged and that there is a fatal variance between the allegations of the indictment and the evidence. The offenses charged are all of the same class and are all violations of the internal revenue statutes. We do not consider the indictment duplicitous. Chapman v. United States, 5 Cir., 10 F.2d 124.

We are concerned only with the sufficiency of the evidence to sustain the conviction of the two defendants who have appealed in this case. The testimony of Grace Myrtle McEachern tends to show that she was employed by West to drive an automobile for him and, under his directions and frequently in his presence, she transported sugar and one gallon cans from various places where they had been purchased by West to Evans' place and Ison's place and took away from those places large quantities of tax-unpaid liquor, which were stored in several places until subsequently delivered, usually at night; that from 300 to 500 gallons of non-tax paid liquor were delivered to Ealey every week; that Padgett, also employed by West, usually drove the car that contained the liquor and she and West would go with the liquor in another car to keep a lookout and see that the way was clear; that Ealey would be there when the liquor was delivered and he and West would talk together out of her hearing and one time she saw Ealey hand money to West. This testimony in the main was confirmed by Padgett. West testified and denied in toto the evidence of these witnesses. Ealey did not take the stand.

Appellants do not seriously dispute that Ealey bought large quantities of liquor from West but they contend that the purchaser of illegal liquor can not be guilty of conspiring with the seller, relying upon the case of United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986.

■ The Katz case arose under the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and was decided on May 24, 1926. It was held that the National Prohibition Act did not make it an offense to purchase illegal whiskey. The Act of January 11, 1934, 26 U.S.C.A. § 1152a, now 26 U.S.C.A. Int.Rev.Code, § 2803, provides: "No person shall transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits." It is apparent that it is now an offense to buy non-tax paid liquor as well as to sell it. Of course, if West sold and delivered the liquor to Ealey both at times possessed it. The jury was not required to close their eyes to the obvious. They might well presume, considering the large quantities delivered, that Ealey bought the liquor for resale and not merely for his own use. We consider there was sufficient evidence before the jury which if believed would tend to show a conspiracy between Rickerson and Ealey to transport, possess, buy and sell liquor in unstamped packages.

■ It is urged that McEachern and Padgett, though not indicted, were accomplices and their evidence is unworthy of belief and not sufficient to support the conviction. Regardless of what the law of any state may be, it is well settled that in the courts of the United States a conviction may be sustained by the evidence of an accomplice. But the judge should charge the jury as to the weight to be given the testimony. The court charged the jury, in substance, especially naming McEachern and Padgett, that the testimony of an accomplice should be scrutinized with great care because there is a presumption that the witness is least worthy of belief. However, that if under all the circumstances proven in the case and from the impression made by the witness on the stand they thought he was telling the truth about the case or any part of it, they should give his testimony such weight as they thought it ought to have. Considering the

70

charge of the court, the contention as to these witnesses is without merit.

We find sufficient evidence in the record to support the verdict. The record presents no reversible error. The judgment is affirmed.

HUTCHESON, Circuit Judge (specially concurring).

I have no doubt that the judgment should be affirmed as to West. I have had some as to whether it should be also affirmed as to Ealey. If, as he claims, the evidence showed no more than that he was a large and regular buyer of liquor from West, I think it plain that the conviction and sentence of Ealey could not stand. Lott v. United States, 9 Cir., 205 F. 28, 46 L.R.A.,N.S., 409; Norris v. United States, 3 Cir., 34 F.2d 839; United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; Young v. United States, 5 Cir., 48 F.2d 26; Lambert v. United States, 5 Cir., 101 F.2d 960. But a careful study of the record convinces me that his claim that this is all the record showed may not be maintained.

It was competent for the jury to find that he was not a mere buyer but a participant or partner in the whole scheme and conspiracy to handle liquor unlawfully. So thinking, I concur in the judgment of affirmance, as to him.